S. Samuel Di Falco, S.
The corporate trustee petitions for a construction of decedent’s will. The testatrix died on November 10, 1953 and her will dated February 29, 1952 was admitted to probate. She created a trust of her residuary estate for the benefit of her daughter for life with the remainder to be divided *767 equally to the surviving issue of the income beneficiary, per stirpes. The testatrix directed that if the annual income should be less than $10,000 then the trustee may invade principal to make up the difference. The testatrix then provided as follows: “ 5. Notwithstanding anything hereinbefore contained to the contrary, to apply out of the net income or of principal of my residuary estate during the term of the trust such amounts as my corporate Trustee in its discretion may deem advisable for the support and education of each grandchild of mine while he or she is in attendance at an elementary or high school, or college, technical or art school, or professional or other school for higher studies, and for any income or other tax that may be imposed upon each such grandchild with respect to such applications, but not exceeding in the case of each such grandchild the total sum of Two thousand dollars ($2,000.) in any year. It is my intention hereby to provide for each grandchild a good education to the extent of the resources available and I direct my corporate Trustee to exercise its discretion liberally to that end, but it is not my intention to have the payments for any grandchild’s education continue beyond his or her attaining the age of twenty-one years unless he or she elects in good faith to pursue some form of higher or technical or professional education after reaching that age.”
It appears that the income beneficiary had three children who are still of tender years. On August 17, 1960 she gave birth to a mongoloid child. She has placed this child in a school especially staffed in the training and education of such children and intends to have her reared and educated there. The charge at this school is $150 per month. The petitioner is of the opinion that the charge at this school or at a similar institution not to exceed $2,000 in any one year should be paid from the principal of the trust as coming within the intent of the testatrix expressed in the provision for “ the support and education of each grandchild of mine while he or she is in attendance at any elementary * * * or other school. ’ ’ The income beneficiary, who is also a trustee, has submitted an affidavit joining in the petition. The special guardian for this infant takes a position in favor of the construction proposed by the petitioner to the extent of $1,800 per year. The special guardian for the other three infant grandchildren, who are also primary remaindermen of the trust, and of a contingent remainderman opposes the application. He urges a strict construction of the words used as being for the intellectual enlightenment of the grandchildren and that this infant, because of her unfortunate condition, does not come within the purview of the language used.
*768 The dominant intention of the testatrix as expressed in a sympathetic reading of the entire will (Matter of Fabbri, 2 N Y 2d 236) is to provide for the education of her grandchildren to the extent of $2,000 each year for each grandchild. If the grandchild in question had been born a normal child there is no doubt that the corporate trustee would be justified in applying the stated amount towards her ‘ ‘ support and education ’ ’. There should be no different result because of her unfortunate condition. In that manner “ ‘ the object which the document as a whole ’ seeks to achieve ” will be accomplished. (Matter of Fabbri, supra, p. 240.) The “ education ” of this child no doubt will be different from that of the other grandchildren but still it is education for her.
Consonant with the admonition of the testatrix to the corporate trustee that it should “ exercise its discretion liberally to that end ’ ’ the court holds that the petitioner is authorized to pay a sum not to exceed $2,000 in each year during the minority of this infant for her “ support and education ” at the school in question or a similar institution provided, of course, that the trust continues for that period of time.